**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

JORGE CARDENAS and PATRICIA MICHEL

    Plaintiffs,

v.

CARL MOODY and J.B.C. INC.,

    Defendants.

---

**NOTICE OF REMOVAL**

---

Defendants Carl Moody and J.B.C. Inc. ("Defendants"), by and through their undersigned counsel, Hall & Evans, LLC, hereby submits the following Notice of Removal of the above-captioned action from Larimer County District Court, Colorado to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Fed. R. Civ. P. 81(c), stating as follows:

### I. INTRODUCTION

1.    Plaintiffs Jorge Cardenas and Patricia Michel ("Plaintiffs") initiated this lawsuit on April 3, 2023 in the District Court, County of Larimer, State of Colorado, captioned *Jorge Cardenas and Patricia Michel v. Carl Moody and J.B.C. Inc.*, Civil Action No. 2023CV30240 and is now pending in that court (the "State Action"). *See* **Exhibit A**, Plaintiffs' Complaint.

2.  Plaintiffs allege that on January 26, 2021 they were injured in an auto accident that occurred on northbound Interstate 25 at mile marker 255.7 in Larimer County, Colorado. **Exhibit A, ¶¶ 4.**

3.  Plaintiffs allege that they were injured as a direct or proximate result of the accident and suffered damages in an amount to be proven at Trial. **Exhibit A, ¶¶**

## COMPLIANCE WITH THE RULES

4.  All procedural requirements related to the removal of this action have been satisfied.

5.  Defendant Carl Moody was served on April 10,2023 and Defendant J.B.C. Inc. was served on April 3, 2023.

6.  This Notice of Removal is filed within thirty (30) days of service of the Plaintiffs' Complaint and Summons on Defendants and is timely under 28 U.S.C. §§ 1441 and 1446(b).

7.  A copy of this Notice of Removal will be filed with the State Action and served upon Plaintiffs' counsel.

8.  Pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCivR. 81.1(b), copies of the following process, pleadings, and orders that were served upon Defendants or filed in the State Action are attached as follows:

> **Exhibit A**  Complaint
>
> **Exhibit B**  Summons for Carl Moody
>
> **Exhibit C**  Summons for J.B.C. Inc.
>
> **Exhibit D**  Civil Case Cover Sheet
>
> **Exhibit E**  Notice Judicial Civil Case Management

    **Exhibit F**  Return of Service for Carl Moody

    **Exhibit G**  Return of Service for J.B.C Inc.

    **Exhibit H**  Answer on behalf of J.B.C. Inc. and Carl Moody

  9. Pursuant to D.C.Colo.LCivR 81.1, Defendants state that no hearings are pending, nor has any trial been set in the State Action.

  10. Pursuant to Fed.R.Civ.P. 81(c), Defendants will present its defenses by pleading at the time prescribed herein, and specifically reserves their rights to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

  11. Defendants have complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Colo.LCivR. 81.1.

## II. <u>DIVERSITY JURISDICTION</u>

  12. This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the District Court of Colorado has diversity jurisdiction under 28 U.S.C. §§ 1441, 1446, and 1332. Federal courts have diversity jurisdiction in lawsuits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

**A. THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

  13. There is complete diversity of citizenship between Plaintiffs and Defendants. Plaintiffs are citizens of Colorado. **Exhibit A**, ¶ 1. *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("For purposes of diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile").

14.     Defendant Carl Moody is the citizen of Cheyenne, Wyoming and Defendant J.B.C. Inc. is a foreign corporation organized under the laws of the state of Nebraska with a principal place of business at 1502 10th Street, P.O. Box 556, Gering, NE 69341.  *See* 20 U.S.C. § 1332(c) (holding "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."); **Exhibit A**, ¶ 3.

15.     For purposes of federal diversity jurisdiction, the parties are completely diverse. 28 U.S.C. § 1441(b).

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

16.     The amount in controversy here exceeds $75,000 as required by 28 U.S.C. § 1332(a).[1] In their Complaint, Plaintiffs allege that they have suffered a litany of injuries caused by the incident. **Exhibit A**, ¶ 38 and "Wherefore clause".[2] Further, Plaintiffs' Civil Cover Case Sheet, attached as **Exhibit B**, states Plaintiffs seeks more than $100,000 in damages in this matter.

17.     "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

18.     Similarly, in determining the amount in controversy, a court may look to the object sought to be accomplished by the Plaintiffs' complaint. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). "[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Id.*; *see also McPhail*

---

[1] Defendants do not concede or waive their right to contest Plaintiffs' alleged damages.
[2] Defendants deny Plaintiffs' allegations regarding their alleged damages and injuries.

4

*v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what Plaintiffs seeks or what Defendants may lose).

19. When a Defendant seeks federal court adjudication, the Defendant's amount in controversy allegation should be accepted when not contested by the Plaintiff or questioned by the court. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 553 (2014). A Defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 554. A notice of removal "may be filed within thirty days after receipt by the Defendants, through service or otherwise, or . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Information relating to the amount in controversy in the record of the state proceedings, or in response to discovery, shall be treated as an "other paper." 28 U.S.C. § 1446(c)(3)(A).

20. Here, Plaintiffs admit that the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, by the filing of their Civil Case Cover Sheet. *See* **Exhibit B**. Pursuant to Colo.R.Civ.P. 8(a): "Each pleading containing an initial claim for relief in a civil action . . . shall be accompanied by a completed Civil Cover Sheet in the form and content of Appendix to Chapter 1 to 17, Form 1.2 (JDF 601), at the time of filing." The Civil Case Cover Sheet requires Plaintiffs to categorize the relief sought as either being more or less than $100,000 and must be filed with each pleading containing an initial claim for relief and shall be served on all parties along with the pleading.

21. In the State Action, Plaintiffs' counsel filed a Civil Case Cover Sheet in which Plaintiffs confirms that they seek "a monetary judgment over $100,000 . . . against any other single

5

party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought." **Exhibit B**.

22. The "[Civil Case Cover Sheet] is at least properly considered an 'other paper' under § 1446(b)(3)." *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016). The Tenth Circuit Court of Appeals has concluded that the cover sheet "starts the removal clock" and there is "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceedings." *Id.*

24. Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, and therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

25. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendants Carl Moody and J.B.C. Inc., respectfully request that the action now pending in the Larimer County District Court, Case No. 2023CV30240, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 25th day of April, 2023.

                        Hall & Evans, LLC

                        *s/ Robert Weiner*
                        Paul T. Yarbrough
                        Robert A. Weiner
                        1001 17th Street, Suite 300
                        Denver, CO 80202
                        Phone: (303) 628-3300
                        Fax: (303) 628-3368
                        yarbroughp@hallevans.com
                        weinerr@hallevans.com
                        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2023, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to parties or counsel registered through ECF.

*Counsel for Plaintiffs*:

Gregory P. Murphy, #54057
Metier Law Firm, LLC
4828 S. College Avenue
Fort Collins, CO 80525
(970) 377-3800
gregm@metierlaw.com


    *s/Cindy Blanton*
    Cindy Blanton, Legal Assistant