| | |
|---|---|
| **LARIMER COUNTY DISTRICT COURT**<br>**STATE OF COLORADO**<br>201 La Porte Ave<br>Ft. Collins, CO 80521<br>Phone: (970) 494-3500 | DATE FILED: March 31, 2023 4:09 PM<br>FILING ID: F99435AE69419<br>CASE NUMBER: 2023CV30240 |
| JORGE CARDENAS and PATRICIA MICHEL,<br><br>    Plaintiffs<br>v.<br><br>CARL MOODY and J.B.C. INC.,<br><br>    Defendants. | ▲ **COURT USE ONLY** ▲ |
| *Attorneys for Plaintiff:*<br>**Metier Law Firm, LLC**<br>Gregory P. Murphy, Reg. #54057<br>4828 S. College Ave.<br>Fort Collins, CO 80525<br>Phone Number: (970) 377-3800<br>Email: gregm@metierlaw.com | Case Number:<br><br>Division/Courtroom: |
| **COMPLAINT AND JURY DEMAND** ||

The Plaintiffs, Jorge Cardenas and Patricia Michel, by and through undersigned counsel file this Complaint and Jury Demand against the above named Defendants. In support thereof, Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1. Plaintiffs Jorge Cardenas and Patricia Michel were, at all times material hereto, residents of Weld County, CO.

2. Defendant Carl Moody ("Defendant Moody") was, at all times material hereto, a resident of Laramie County, WY whose address, upon information and belief, is 1270 Cole Rd., Cheyenne, WY 82009.

3. Defendant J.B.C. Inc. ("Defendant JBC") was, at all times material hereto, a Nebraska corporation in good standing in Scottsbluff County, NE with a principal address of 1502 10th St., P.O. Box 556, Gering, NE 69341, and a registered agent at 36 South 18th Ave., Suite D, Brighton, CO 80601.

4. The crash which forms the basis of this complaint occurred on January 26, 2021, on northbound Interstate 25 at mile marker 255.7 in Larimer County, Colorado.

**EXHIBIT A**

5. Jurisdiction and venue are proper in this Court as the crash at issue occurred wholly in Larimer County, Colorado.

## **GENERAL ALLEGATIONS**

6. All preceding paragraphs are incorporated as if fully set forth herein.

7. At the time of the subject crash, Defendant JBC employed Defendant Moody.

8. Defendant Moody was in the course and scope of employment at the time of the subject crash.

9. By virtue of registering with the United States Department of Transportation (by obtaining a "USDOT" number and/or operating authority for its business operations), Defendant JBC certified that it would comply with and be subject to the Federal Motor Carrier Safety Regulations (FMCSR).

10. Defendant JBC employed 21 drivers and operated 21 power units in 2021.

11. Defendant JBC's power units drove total mileage of 1,794,212 in 2021.

12. As a commercial motor vehicle operator, Defendant JBC certified it would comply with and be subject to the FMCSR.

13. As a commercial motor vehicle operator, Defendant Moody also certified he would comply with and be subject to the FMCSR.

14. On January 26, 2021, Defendant JBC sent its 2015 Freightliner Corp. Cascadia truck, vin 3AKNGLD63FSGP9660, with a trailer (the "JBC Rig") out onto public roadways for its business purposes.

15. On January 26, 2021, at approximately 12:35 PM, Defendant Moody was operating the JBC Rig northbound in the left lane of I-25 at or around mile marker 255.7.

16. Upon information and belief, Defendant Moody was, at all times material hereto, carrying out the duties of his job for Defendant JBC.

17. On January 26, 2021, Interstate 25 at mile marker 255.7 was under construction, and had two hard-surfaced lanes divided by a dotted white line. The two lanes were bordered on both sides by approximately four-foot wide shoulders and concrete barriers.

18. As Defendant Moody approached stopped traffic at or around mile marker 255.7, he failed to stop, and drove the front end of the JBC Rig into the rear of a 2013 Ford F-150 Pickup truck being driven by Mike Armstrong.

19. As a result of the impact from Defendant Moody, Armstrong's pickup was violently pushed into the rear of a 2018 Kenworth T88, driven by Plaintiff Jorge Cardenas.

20. Defendant Moody had a duty to maintain a proper lookout.

21. Defendant Moody had a duty to see what was plainly visible.

22. Defendant Moody had a duty to stop the JBC Rig within a reasonable time.

23. Defendant Moody had a duty to maintain control of the JBC Rig in such a way as not to collide with another vehicle being lawfully operated on the public roadways.

24. Defendant Moody had a duty to use reasonable care in the operation of the JBC Rig.

25. Defendant Moody had a duty to avoid unnecessarily endangering other motorists.

26. Defendant Moody had a duty to operate the JBC Rig in a safe and prudent manner, including to reasonably account for weather conditions.

27. Defendant Moody breached one or more of his duties when he failed to see the legally stopped traffic in front of him on I-25, failed to stop the JBC rig, and failed to avoid crashing into the rear-end of Armstrong's vehicle.

28. Defendant Moody's breach of one or more duties was a direct and proximate cause of the subject crash and set off a chain reaction which forced Armstrong's pickup truck into Plaintiff Cardenas's vehicle.

29. Defendant Moody's driving conduct was negligent, careless, and reckless.

30. Defendant Moody was at fault for causing the subject crash of January 26, 2021.

31. A reasonably prudent motor carrier in the position of Defendant JBC would have a training program that is vetted, selected, implemented, monitored, and maintained in a manner that ensures that all drivers know how to safely operate their rigs in accordance with the FMCSR, including always obeying the rules of safe winter driving.

32. A reasonably prudent motor carrier in the position of Defendant JBC would ensure lasting compliance with its training program, through incentives and/or continuing requirements for drivers.

33. A reasonably prudent motor carrier in the position of Defendant JBC would exercise reasonable care in its hiring, training, retention, and supervision of its drivers, including Defendant Moody.

34. Defendant JBC had a duty to act as a reasonably prudent motor carrier.

35. Defendant JBC breached this duty when it did not ensure that at least one of its drivers, Defendant Moody, would safely operate his rig in accordance with the FMCSR and follow the rules of safe winter driving.

36. Upon information and belief, Defendant JBC further breached its duty by failing to exercise reasonable care in its hiring, training, supervision, and/or retention of Defendant Moody.

37. Defendant JBC's failure to act as a reasonably prudent motor carrier was a direct and proximate cause of the subject crash.

38. As a direct, foreseeable, and proximate result of the January 26, 2021 crash caused by Defendant Moody and Defendant JBC, Plaintiffs have suffered and will continue to suffer severe and permanent personal injuries, including but not limited to:

    a. past, present, and future medical expenses;
    b. past lost income;
    c. impaired earning capacity;
    d. other economic damages not yet determined;
    e. past, present, and future pain and suffering;
    f. past, present, and future loss of enjoyment of life;
    g. past, present, and future emotional distress;
    h. psychological injury;
    i. permanent physical impairment;
    j. loss of consortium, and
    k. other injuries and damages not yet determined.

## FIRST CLAIM FOR RELIEF
### (Negligence - Defendant Moody, and Defendant JBC)

39. All preceding paragraphs are incorporated as if fully set forth herein.

40. Defendant JBC is vicariously liable for the negligence of its driver, Defendant Moody.

41. By operating the JBC Rig in the manner described herein, Defendant Moody breached a duty owed to Plaintiffs in one or more of the following ways:

    a. Failing to maintain a proper lookout;
    b. Failing to see what was plainly visible;
    c. Failing to stop the JBC Rig within a reasonable time;
    d. Failing to maintain control of the JBC Rig in such a way as not to collide with another vehicle being lawfully operated on the public roadways;
    e. Failing to use reasonable care in the operation of the JBC Rig;
    f. Failing to avoid unnecessarily endangering other motorists;
    g. Failing to operate the JBC Rig in a safe and prudent manner; and
    h. Failing to operate the JBC Rig in a safe and prudent manner, including to reasonably account for weather conditions.

42. Defendant Moody's operation of the JBC Rig as described herein was negligent and reckless.

43. The conduct complained of herein of Defendant Klinger, for which Defendant JBC is vicariously liable, constitutes negligence, and as a direct and proximate result of such negligence Plaintiffs Jorge Cardenas and Patricia Michel suffered and continue to suffer damages as more fully set forth herein.

## SECOND CLAIM FOR RELIEF
(Negligence *Per Se* - Defendant Moody)

44. All preceding paragraphs are incorporated as if fully set forth herein.

45. Defendant JBC is vicariously liable for the negligence of its driver, Defendant Moody.

46. Colorado Revised Statue §42-4-1402 provides, in pertinent part, as follows:

> (1) A person who drives a motor vehicle, bicycle, electrical assisted bicycle, or low-power scooter in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances, is guilty of careless driving.

47. Plaintif Cardenas is within the class of persons (the motoring public) for whom C.R.S. § 42-4-1402 was created and intended to protect.

48. The injuries suffered by Plaintiff Cardenas are of the type (injuries due to vehicle crashes) that C.R.S. § 42-4-1402 was enacted to prevent.

49. Defendant Moody's driving conduct as complained of herein, for which Defendant JBC is vicariously liable for violated C.R.S. § 42-4-1402 and he was therefore negligent *per se*.

50. As a direct, foreseeable, and proximate result of the negligence *per se* of Defendant Moody, for which Defendant JBC is vicariously liable, the Plaintiffs suffered and will continue to suffer the injuries and damages set forth herein.

## THIRD CLAIM FOR RELIEF
(Negligent Hiring, Training and Supervision - Defendant JBC)

66. All preceding paragraphs are incorporated as if fully set forth herein.

67. At all times material hereto, Defendant Moody served as an employee of and for Defendant JBC.

68. Defendant Moody was carrying out the duties of the job with Defendant JBC at the time of the subject crash.

69. Defendant JBC had a duty of reasonable care owed to Plaintiffs to act as a reasonably prudent motor carrier, to hire competent, qualified, and safe employees, to properly supervise its employees, to properly train its employees, and to ensure lasting compliance with all training among its drivers.

70. Defendant JBC breached its above-mentioned duties in failing to act as a reasonably prudent motor carrier and exercise reasonable care in its hiring, supervision and training of Defendant Moody.

71. As a direct and proximate result of Defendant JBC's breach of its duties owed to Plaintiffs, Plaintiffs have suffered, and continue to suffer injuries, damages and losses as set forth herein.

72. Defendant Moody's unsafe driving could have been prevented by appropriate training and supervision.

73. Defendant Moody's unsafe driving could have been reasonably foreseen by Defendant JBC.

## FOURTH CLAIM FOR RELIEF
### (Loss of Consortium – Defendants Moody and JBC)

62. All preceding paragraphs are incorporated as if fully set forth herein.

63. Defendant JBC is vicariously liable for the negligence of its driver, Defendant Moody.

63. Jorge Cardenas and Patricia Michel were married at the time of the subject crash, and they are still married today.

64. As a direct and proximate result of the subject crash caused by Defendant Moody's negligence for which JBC is vicariously liable, and of the resulting injuries to Jorge Cardenas, Patricia Michel suffered and continues to suffer damages including, but not limited to, loss of affection, society, companionship, support, aid, and comfort of Jorge Cardenas.

65. As a direct and proximate result of the subject crash caused by Defendant Moody's negligence for which Defendant CSI is vicariously liable, and of the resulting injuries to Jorge Cardenas, Patricia Michel also suffered and continues to suffer damages including, but not limited to, loss of household services Jorge Cardenas would have performed and any resulting expenses which Patricia Michel has had or will have in the future.

**WHEREFORE**, Plaintiffs request monetary damages in an amount to fairly and justly compensate them for past, present, and future injuries, damages, and losses as set forth herein, plus statutory interest from the date this cause of action accrued, including pre-judgment interest, post-judgment interest, and interest as otherwise allowed by Colorado law; costs; expert witness fees; attorneys' fees if applicable; and for such other and further relief as the Court may deem just and proper.

**PLAINTIFFS HEREBY DEMAND A TRIAL TO A JURY OF SIX (6) ON ALL ISSUES SO TRIABLE.**

DATED this 31st day of March, 2023.

Respectfully submitted,

**METIER LAW FIRM, LLC**

*/s/ Gregory P. Murphy*

Gregory P. Murphy

Plaintiffs Address:
11150 Cimmarron St.
Firestone, CO 80504