| | |
|---|---|
| **DISTRICT COURT, LARIMER COUNTY, STATE OF COLORADO**<br>201 La Porte Avenue, Suite 100<br>Fort Collins, CO 80521<br>(970) 494-3500 | |
| **Plaintiffs**:<br>Jorge Cardenas and Patricia Michel,<br><br>v.<br><br>**Defendants**:<br>Carl Moody and<br>J.B.C. Inc. | **▲ COURT USE ONLY ▲** |
| **Attorneys for Carl Moody and J.B.C. Inc.:**<br>Paul T. Yarbrough, #48518<br>Robert A. Weiner, #21572<br>Hall & Evans, LLC<br>1001 Seventeenth Street, Suite 300<br>Denver, Colorado 80202<br>Telephone:      303.628.3300<br>Facsimile:      303.628.3368<br>E-Mail:         yarboughp@hallevans.com<br>                weinerr@hallevans.com | Case Number:  2023CV30240<br><br>Division: 3B |
| **ANSWER, AFFIRMATIVE DEFENSES AND JURY TRIAL DEMAND OF DEFENDANTS CARL MOODY AND J.B.C. INC.** | |

Defendants Carl Moody and J.B.C. Inc. ("Defendants"), by and through counsel, Hall & Evans, LLC, hereby submit their Answer, Affirmative Defenses, and Jury Trial Demand to Plaintiffs' Complaint as follows:

## JURISDICTION AND VENUE

1.      Admit.

2.      Admit.

3.      Admit.

**EXHIBIT H**

4.    Admit.

5.    In response to the allegations in Paragraph 5, Defendants state that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny and intend to remove to Federal Court.

## GENERAL ALLEGATIONS

6.    In response to Paragraph 6 of Plaintiffs' Complaint, Defendants repeat, reiterate, and re-allege as previously set forth in Paragraphs designated 1 through 6 of Plaintiffs' Complaint The foregoing statements and allegations are incorporated herein.

7.    Admit.

8.    Defendants admit Carl Moody was acting at in the scope and scope of his employment when he was driving in Interstate 25 in Larimer County on January 26, 2021. Defendants deny any inferences raised by the use of the word "crash".

9.    In response to the allegations in Paragraph 9, Defendants state that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny as the law speaks for itself.

10.    Admit.

11.    Defendants state that the actual total mileage for 2021 was 1,794,194.

12.    In response to the allegations in Paragraph 12, Defendants state that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny as the law speaks for itself.

13.    In response to the allegations in Paragraph 13, Defendants states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny as the law speaks for itself.

14.    In response to the allegations in Paragraph of 14, Defendants admits that J.B.C. Truck vin 3AKNGLD63FSGP9660 with trailer where in use on January 26, 2021. Defendants deny the reaming allegations and inferences contained in Paragraph 14 of Plaintiffs' Complaint.

15.    Admit.

16.    In response to the allegations in Paragraph 16, Defendants admit Defendant Carl Moody was working within the course and scope of his duties on January 26, 2021 at 12:35 p.m.

2

Defendants lack insufficient evidence regarding Plaintiffs' allegation "Defendant Moody was, at all times material hereto, carrying out the duties of his job" and therefore deny the same.

17.    In Response to the allegations in Paragraph 17, Defendants admit Interstate 25 at mile marker 255.7 was under construction. Defendants lack sufficient evidence regarding the width of the shoulders and concrete barriers and therefore deny the same.

18.    In response to the allegations in Paragraph 18, Defendants admit that Defendant Moody contacted the truck driven by Mike Armstrong. Defendants deny all remaining allegations.

19.    In response to the allegations in Paragraph 19, Defendants admit that Defendant Moody contacted the truck driven by Mike Armstrong. Defendants deny all remaining allegations.

20.    With regard to the allegations contained in Paragraph 20 of Plaintiffs' Complaint, these are legal conclusions to which no response is required, therefore they are hereby denied.

21.    With regard to the allegations contained in Paragraph 21 of Plaintiffs' Complaint, these are legal conclusions to which no response is required, therefore they are hereby denied.

22.    With regard to the allegations contained in Paragraph 22 of Plaintiffs' Complaint, these are legal conclusions to which no response is required, therefore they are hereby denied.

23.    With regard to the allegations contained in Paragraph 23 of Plaintiffs' Complaint, these are legal conclusions to which no response is required, therefore they are hereby denied.

24.    With regard to the allegations contained in Paragraph 24 of Plaintiffs' Complaint, these are legal conclusions to which no response is required, therefore they are hereby denied.

25.    With regard to the allegations contained in Paragraph 25 of Plaintiffs' Complaint, these are legal conclusions to which no response is required, therefore they are hereby denied.

26.    With regard to the allegations contained in Paragraph 26 of Plaintiffs' Complaint, these are legal conclusions to which no response is required, therefore they are hereby denied.

27.    With regard to the allegations contained in Paragraph 27 of Plaintiffs' Complaint, these are legal conclusions to which no response is required, therefore they are hereby denied.

28.    With regard to the allegations contained in Paragraph 28 of Plaintiffs' Complaint, these are legal conclusions to which no response is required, therefore they are hereby denied.

29.    In response to Paragraph 29 of Plaintiffs' Complaint, Defendants deny the allegation and legal conclusions.

30.     In response to Paragraph 30 of Plaintiffs' Complaint, Defendants deny the allegation and legal conclusions.

31.     With regard to the allegations contained in Paragraph 31 of Plaintiffs' Complaint, these are legal conclusions to which no response is required, the laws and regulations speak for themselves, and therefore they are hereby denied.

32.     With regard to the allegations contained in Paragraph 32 of Plaintiffs' Complaint, these are legal conclusions to which no response is required, the law and regulations speak for themselves, and therefore they are hereby denied.

33.     With regard to the allegations contained in Paragraph 33 of Plaintiffs' Complaint, these are legal conclusions to which no response is required, the law and regulations speak for themselves, and therefore they are hereby denied.

34. With regard to the allegations contained in Paragraph 34 of Plaintiffs' Complaint, these are legal conclusions to which no response is required, the law and regulations speak for themselves, and therefore they are hereby denied.

35.     With regard to the allegations contained in Paragraph 35 of Plaintiffs' Complaint, these are legal conclusions to which no response is required, the law and regulations speak for themselves, and therefore they are hereby denied.

36.     In response to Paragraph 36 of Plaintiffs' Complaint, Defendants deny the allegations and legal conclusions.

37.     In response to Paragraph 37 of Plaintiffs' Complaint, Defendants deny the allegations and legal conclusions.

38.     In response to Paragraph 38 and subparts a through k, Defendants deny the allegations and legal conclusions.

**<u>FIRST CLAIM FOR RELIEF</u>**
(Negligence – Defendant Moody, and Defendant JBC)

39.     In response to Paragraph 39 of Plaintiffs' Complaint, Defendants repeat, reiterate, and re-allege as previously set forth in Paragraphs designated 1 through 38 of Plaintiffs' Complaint The foregoing statements and allegations are incorporated herein.

40.     In response to the allegations in Paragraphs 40 of Plaintiffs' Complaint, Defendants admit Defendant Moody was acting within the course and scope of his employment with JBC but deny liability and remaining inferences.

41.      In response to Paragraph 41 and subparts a through h, Defendants deny the allegations and legal conclusions.

42.      In response to Paragraph 42 of Plaintiffs' Complaint, Defendants deny the allegations and legal conclusions.

43.      In response to the allegations contained in Paragraph 43 of Plaintiffs' Complaint, Defendants state that these paragraphs concern an individual that is not the Defendants. Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 43, and therefore deny the same.

## SECOND CLAIM FOR RELIEF
(Negligence *Per Se* – Defendant Moody)

44.      In response to Paragraph 44 of Plaintiffs' Complaint, Defendants repeat, reiterate, and re-allege as previously set forth in Paragraphs designated 1 through 43 of Plaintiffs' Complaint The foregoing statements and allegations are incorporated herein.

45.      With regard to the allegations contained in Paragraph 45 of Plaintiff's Complaint, these are legal conclusions to which no response is required, therefore they are hereby denied.

46.      With regard to the allegations contained in Paragraph 46 of Plaintiffs' Complaint, these are legal conclusions to which no response is required, the law speak for itself, and therefore they are hereby denied.

47.      With regard to the allegations contained in Paragraph 47 of Plaintiffs' Complaint, these are legal conclusions to which no response is required, the law speak for itself, and therefore they are hereby denied.

48.      With regard to the allegations contained in Paragraph 48 of Plaintiffs' Complaint, these are legal conclusions to which no response is required, the law speak for itself, and therefore they are hereby denied.

49.      With regard to the allegations contained in Paragraph 49 of Plaintiffs' Complaint, these are legal conclusions to which no response is required, the law speak for itself, and therefore they are hereby denied.

50.      With regard to the allegations contained in Paragraph 50 of Plaintiffs' Complaint, these are legal conclusions to which no response is required, the law speak for itself, and therefore they are hereby denied.

## THIRD CLAIM FOR RELIEF
(Negligent Hiring, Training and Supervision – Defendant JBC)

66[*sic*].        In response to Paragraph 66[*sic*] of Plaintiffs' Complaint, Defendants repeat, reiterate, and re-allege as previously set forth in Paragraphs designated 1 through 50 of Plaintiffs' Complaint   The foregoing statements and allegations are incorporated herein.

67.        With regard to the allegations contained in Paragraph 67 of Plaintiffs' Complaint, these are legal conclusions or terms of art to which no response is required, the law speak for itself, and therefore they are hereby denied.

68.        In response to Paragraph 68 of Plaintiffs' Complaint, Defendants admit Defendant Moody was acting within his course and scope of employment with Defendant JBC. Defendants deny all remaining allegations and inferences contained in Paragraph 53 [*sic*] of Plaintiffs' Complaint.

69.         With regard to the allegations contained in Paragraph 69 of Plaintiffs' Complaint, these are legal conclusions to which no response is required, the law speak for itself, and therefore they are hereby denied.

70.        With regard to the allegations contained in Paragraph 70 of Plaintiffs' Complaint, these are legal conclusions to which no response is required, the law speak for itself, and therefore they are hereby denied.

71.        In response to Paragraph 71 of Plaintiffs' Complaint, Defendants deny the allegations.

72.        In response to Paragraph 72 of Plaintiffs' Complaint, Defendants deny the allegations.

73.        In response to Paragraph 73 of Plaintiffs' Complaint, Defendants deny the allegations and legal conclusions.

## FOURTH CLAIM FOR RELIEF
(loss of Consortium – Defendant Moody and JBC)

62[*sic*].        In response to Paragraph 62[*sic*] of Plaintiffs' Complaint, Defendants repeat, reiterate, and re-allege as previously set forth in Paragraphs designated 1 through 73 of Plaintiffs' Complaint   The foregoing statements and allegations are incorporated herein.

63.        In response to Paragraph 63 of Plaintiffs' Complaint, Defendants admit that Defendant Moody was acting within the course and scope of his employment with JBC but deny liability.

63.[sic] With regard to the allegations contained in Paragraph 63(sic) of Plaintiffs' Complaint, Defendants are without sufficient information to either admit or deny the allegations, to the extent a response is required they are hereby denied.

64.    With regard to the allegations contained in Paragraph 64 of Plaintiffs' Complaint, these are legal conclusions to which no response is required, the law speak for itself, and therefore they are hereby denied.

65. With regard to the allegations contained in Paragraph 65 of Plaintiffs' Complaint, these are legal conclusions to which no response is required, the law speak for itself, and therefore they are hereby denied.

## GENERAL DENIAL

Defendants Carl Moody and J.B.C. Inc., deny all allegations contained in Plaintiffs' Complaint not expressly admitted above, including without limitation, the request for relief and prayer for judgment enumerated under Plaintiffs; "WHEREFORE" clause regarding each claim for relief and generally. Defendants further deny each and every allegation in Plaintiffs' Complaint of any wrongdoing, improper conduct, negligence, causation or damages against Defendants Carl Moody and J.B.C. Inc.

## DEFENSES AND AFFIRMATIVE DEFENSES

As separate and alternative defenses and affirmative defenses, Defendants Carl Moody and J.B.C. Inc. state the following:

1.    Plaintiffs' Complaint, in whole or in part, fails to state claims upon which relief can be granted.

2.    Plaintiffs may have failed to take reasonable steps that would have mitigated or minimized Plaintiffs' alleged injuries and damages.

3.    The incident at issue in this lawsuit may have been caused in whole or in part by the comparative negligence of Plaintiffs, and in proportion to Plaintiffs' negligence, reduces or eliminates Plaintiff's recovery herein.

4.    Plaintiffs' claims may be barred or limited by C.R.S. § 13-21-111.6.

5.    Plaintiffs' claims may be barred or reduced by operation of the Colorado seatbelt statute, C.R.S. § 42-4-237.

6.      Plaintiffs' non-economic claims, if any, may be barred or limited by the provisions of C.R.S. § 13-21-102.5.

7.      Plaintiffs may have failed to keep a proper lookout.

8.      Plaintiffs' claims are barred by the assumption of risk, pursuant to C.R.S. § 13-2-111.7.

9.      Plaintiffs' damages, if any, were caused by non-parties at fault pursuant to C.R.S. § 13-21-111.5. Defendant reserves the right to designate any non-parties, pursuant to C.R.S. § 13-21-111.5.

10.     Plaintiffs may have failed to drive in a safe and prudent manner.

11.     Defendants are entitled to a setoff for all amounts paid by, or on behalf of any other party to, or on behalf of Plaintiffs.

12.     Plaintiffs' damages, if any, were the direct result of pre-existing conditions.

13.     Plaintiffs' claims are duplicative, and they seek double recovery for the same injuries, and therefore any duplicative claims are barred.


**WHEREFORE**, Defendants Carl Moody and J.B.C. Inc., having fully answered Plaintiffs' Complaint filed herein, pray that judgment be entered in favor of Defendants Carl Moody and J.B.C. Inc., against Plaintiffs, and that the Court award costs, reasonable attorney fees and for such other relief as this Court may deem just and proper.


**DEFENDANTS DEMAND A JURY TRIAL OF AT LEAST SIX (6) PERSONS
OF ALL ISSUES SO TRIABLE.**


Respectfully submitted this 19th day of April 2023.

HALL & EVANS, LLC

*s/Robert A. Weiner*
Paul T. Yarbrough, #48518
Robert A. Weiner, #21572
***Attorneys for Defendants Carl Moody and J.B.C. Inc.***

8

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the manner indicated below this 19th day of April 2023 to the following addresses:

*Attorneys for Plaintiff:*
Gregory P. Murphy, #54057
4828 S. College Ave.
Fort Collins, CO 80525
P: (970) 377-3800
gragm@meitierlaw.com

☐  First Class Mail
☐  Hand Delivery
☐  Facsimile
☐  Overnight Delivery
☒  Colorado Courts E-Filing System
☐  E-Mail

*s/Cindy Blanton*
Cindy Blanton, Legal Assistant
Hall & Evans, LLC