IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 23-cv-01048-RM-JPO

JORGE CARDENAS, and
PATRICIA MICHEL,

    Plaintiffs,

v.

CARL MOODY, and
J.B.C. INC.,

    Defendants.

---

## ORDER

---

This auto negligence action is before the Court on Defendants' Motion for Judgment on the Pleadings (ECF No. 24), seeking dismissal of Plaintiffs' claim against Defendant J.B.C. Inc. ("JBC") for negligent hiring, training, and supervision. The Motion has been fully briefed (ECF Nos. 26, 28) and is granted for the reasons below.

**I.    LEGAL STANDARD**

"Judgment on the pleadings is appropriate only when the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012) (quotation omitted). A motion for judgment on the pleadings is reviewed under the same standards as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003). Accordingly, the Court must assess whether the

complaint is legally sufficient to state a claim for which relief may be granted. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135-36 (10th Cir. 2014). To defeat dismissal of a claim, the complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or 12(c), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). However, conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

## II.     BACKGROUND

According to the Complaint, Plaintiffs were injured in an auto accident caused by Defendant Moody's negligence. (ECF No. 3, ¶¶ 29, 30.) At the time of the accident, Defendant Moody was employed by JBC, driving JBC's truck, and acting in the course and scope of his employment. (*Id.* at ¶¶ 7, 8.) As a commercial motor vehicle operator, JBC certified it would comply with and be subject to the Federal Motor Carrier Safety Regulations ("FMCSR"). (*Id.* at ¶ 9.) As pertinent to the Motion, Plaintiffs' negligent hiring, training, and supervision claim

against JBC is supported by the following allegations:

> 31. A reasonably prudent carrier in the position of Defendant JBC would have a training program that is vetted, selected, implemented, monitored, and maintained in a manner that ensures that all drivers know how to safely operate their rigs in accordance with the FMCSA, including always obeying the rules of safe winter driving.
>
> 32. A reasonably prudent carrier in the position of Defendant JBC would ensure lasting compliance with its training program, through incentives and/or continuing requirements for drivers.
>
> 33. A reasonably prudent carrier in the position of Defendant JBC would exercise reasonable care in its hiring, training, retention, and supervision of tis drivers, including Defendant Moody.
>
> 34. Defenant JBC had a duty to act as a reasonably prudent motor carrier.
>
> 35. Defendant JBC breached this duty when it did not ensure that at least one of its drivers, Defendant Moody, would safely operate his rig in accordance with the FMCSR and follow the rules of safe winter driving.
>
> 36. Upon information and belief, Defendant JBC further breached its duty by failing to exercise reasonable care in its hiring, training, supervision, and/or retention of Defendant Moody.

(*Id.* at ¶¶ 31-36.)

In addition to their negligent hiring, training, and supervision claim against JBC, Plaintiffs assert a claim for negligence per se against Defendant Moody and claims for negligence and loss of consortium against both Defendants. The Motion is directed solely at the claim for negligent hiring, training, and supervision.

### III.   ANALYSIS

Defendants argue that the essence of Plaintiffs' claim for negligent hiring, training, or supervision "is simply that because the accident happened, JBC is liable," and therefore the Complaint contains insufficient factual support to state a plausible claim. The Court agrees that

3

Plaintiffs' allegations do not state a plausible claim.

Although there is significant overlap between claims for negligent hiring, training, and supervision, the Court analyzes them separately here in the interest of being thorough. Negligent hiring claims hinge on "the employer's responsibility for the dangerous propensities of the employee, which were known or should have been known by the employer at the time of hiring, gauged in relation to the duties of the job for which the employer hires the employee." *Raleigh v. Performance Plumbing & Heating*, 130 P.3d 1011, 1016 (Colo. 2006). Thus,

> the lesson to be learned from a successful negligent hiring suit is that the employer should not have hired the employee in light of that person's dangerous propensities or, having hired him or her, must exercise that degree of control over the employee necessary to avert that employee from injuring persons to whom the employer owed the duty of care when making the hiring decision.

*Id.* Yet the Complaint lacks any factual allegations that JBC knew or should have known when it hired Defendant Moody that his use of its truck would pose an unreasonable risk of harm to anyone. They allege no facts concerning Defendant Moody's driving history or characteristics to support a reasonable inference that he was an incompetent driver when JBC hired him. Nor do Plaintiffs allege that JBC failed to conduct an appropriate inquiry into Defendant Moody's background or follow up on any apparent issues in connection with his hiring or that a more searching inquiry would have revealed he had dangerous propensities. *See Moses v. Diocese of Colo.*, 863 P.2d 310, 328 (Colo. 1993) (noting that "expanded inquiry" into an employee's background may be required based on the nature of the employment); *cf. Connes v. Molalla Transp. Sys., Inc.*, 831 P.2d 1316, 1322 (Colo. 1992) (declining to impose upon the employer the duty to search for and review official records of a job applicant's criminal history "in the absence of circumstances antecedently giving the employer reason to believe that a job applicant, by

4

reason of some attribute of character or prior conduct, would constitute an undue risk of harm to members of the public"). "[T]he tort of negligent hiring does not function as an insurance policy for all persons injured by persons an employer hires." *Raleigh*, 130 P.3d at 1017. The Court finds that the fact the accident occurred combined with the conclusory allegations above is insufficient to establish a plausible claim that JBC failed to exercise reasonable care in making the decision to hire Defendant Moody.

"Negligent training claims require a plaintiff to prove that 'the employer has a duty to prevent an unreasonable risk of harm to third persons to whom the employer knows or should have known that the employee would cause harm.'" *Getzel v. ATS Specialized, Inc.*, No. 21-cv-02836-DDD-NRN, 2024 WL 446038, at *5 (D. Colo. Jan. 19, 2024) (quoting *Keller v. Koca*, 111 P.3d 445, 448 (Colo. 2005)). Again, the Complaint lacks allegations that JBC knew or should have known Defendant Moody presented some undue or unreasonable risk to third parties such as Plaintiffs. Nor do Plaintiffs make any factual allegations about the type of training Defendant Moody received, how it was deficient, or how it played a role in causing the accident.

Finally, negligent supervision claims require a plaintiff to establish "(1) the defendant owed the plaintiff a legal duty to supervise others; (2) the defendant breached that duty; and (3) the breach of the duty caused the harm that resulted in damages to the plaintiff." *Gilbert v. U.S. Olympic Comm.*, 423 F. Supp. 3d 1112, 1145 (D. Colo. 2019) (quotation omitted). The lack of factual allegations that JBC knew or had reason to know that Defendant Moody, because of his qualities, was likely to harm others in view of the work entrusted to him is fatal to this claim as well. *See Moses*, 863 P.2d at 329 (stating that liability is premised on whether employer knows or should have known that an employee's conduct would subject third parties to an

unreasonable risk of harm). "In cases of negligent supervision[,] liability of the employer is predicated on the employer's antecedent ability to recognize a potential employee's attributes of character or prior conduct which would create an undue risk of harm to those with whom the employee came in contact in executing his employment responsibilities." *Keller*, 111 P.3d at 448 (quotation omitted). The mere allegation that Defendant Moody's negligence caused the accident, without more, is not enough to support a plausible inference that JBC was negligent in hiring, training, or supervising him. Nor does the allegation that Defendant Moody failed to follow the rules of safe winter driving and the FMCSR on the day of the accident support such an inference or move the needle Plaintiff's favor.

## IV. CONCLUSION

Based on the foregoing, the Court finds Defendants are entitled to dismissal of this claim, and therefore the Motion (ECF No. 24) is GRANTED.

DATED this 25th day of March, 2024.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge